October 3, 1979

## 79-74   MEMORANDUM OPINION FOR THE ATTORNEY GENERAL

### Judges—Appointment—Age Factor

Representative Pepper, Chairman of the House Select Committee on Aging, has expressed concern over the practice of considering the age of candidates for judicial appointment and excluding from consideration those who are older than age 60. This brief memorandum discussed the legality of that practice.

The practice is lawful. The Constitution gives the President the power to appoint Federal judges. Art. II, § 2, cl. 2. In making these appointments, the President is constitutionally entitled to exercise his discretion and to follow policies that in his view will serve the interests of the Nation. The practice of considering the age of judicial candidates reflects such a policy.*

Representative Pepper suggests that this practice is inconsistent with the Age Discrimination in Employment Act of 1967, as amended (the "Act"). *See* 29 U.S.C. § 621 *et seq.* The Act provides, *inter alia,* that "[a]ll personnel actions affecting * * * applicants for employment * * * in those units of the * * * judicial [branch] of the Federal Government having positions in the competitive service * * * shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a).

Whatever this language means, it does not purport to bind the President in making appointments for judicial office. Candidates for judicial office are not "applicants for employment" in the ordinary sense of that phrase. Moreover, by limiting the applicability of the statute to "units of the

---

*The practice is not barred by any other provisions of the Constitution. It is doubtful that the President's power to appoint persons to high Government office is subject to any restraint such as those grounded in the First and Fifth Amendments, which may regulate in some respects the hiring and firing of some kinds of Government employees. In any case, the practice of considering a judicial candidate's age abridges no such restraint. It presents no First Amendment question. It deprives no one of liberty or property. It establishes an age classification that is fully as rational and defensible from a constitutional standpoint as age classifications that have been upheld in other contexts. *Cf., Massachusetts* v. *Murgia,* 427 U.S. 307 (1976); *Palmer* v. *Ticcione,* 576 F. (2d) 459 (2d Cir. 1978).

* * * judicial [branch] * * * having positions in the competitive service,'' Congress may have intended to exclude noncompetitive positions from the coverage of the statute, at least with respect to the judicial branch. The operative language was added to the Act by Pub. L. No. 93-259, 88 Stat. 74. We have found nothing in the legislative history of that amendment that would support or require a contrary conclusion.

Representative Pepper suggests that the "policy" of the Act is violated nonetheless. With all due respect, that argument is of doubtful merit. The Act does not apply to all appointments in the Federal Government; and it expresses on policy whatever, so far as we can determine, with respect to judicial appointments or candidates for judicial appointment. Indeed, if Congress had purported to bar the President from considering age in the selection of judicial appointees, the Act would present a substantial constitutional question. Congress has power to prescribe qualifications for office; but the power of appointment belongs to the President, and it cannot be usurped or abridged by Congress. *See, Buckley* v. *Valeo,* 424 U.S. 1 (1976); *cf., Springer* v. *Philippine Islands,* 277 U.S. 189 (1928). There is no settled constitutional rule that determines how these two powers—the power of Congress to prescribe qualifications and the power of the President to appoint—are to be reconciled,'but it seems clear that there must be some constitutionally prescribed balance. The balance may shift depending on the nature of the office in question. For example, Congress has required that the President appoint members of both parties to certain kinds of boards and commissions; there is serious question whether Congress could constitutionally require the President to follow the same practice with respect to his Cabinet.

The question of age discrimination in the selection of candidates for judicial office presents a similar problem. The power to appoint Federal judges, who hold office on good behavior, is by tradition and design one of the most significant powers given by the Constitution to the President. It provides one of the few administrative mechanisms through which the President can exert a long-term influence over the development and administration of law in the courts. The President's present power to exert that influence to the fullest by preferring candidates for appointment who are likely to have long, rather than short, careers on the bench is therefore a matter of constitutional significance. Whether Congress could deny the President that power by requiring him to disregard utterly the age of candidates for appointment has never been considered by the courts, but because of the gravity of the constitutional questions it raises, we would be most reluctant to construe any statute as an attempt to regulate the President's choice in that way, absent a very clear indication in the Age Discrimination in Employment Act of 1967.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*
